ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **SUCESIÓN DE MONSERRATE RIVERA MOLINA, ROSA PÉREZ GONZÁLEZ, RAMÓN RIVERA PÉREZ y OTROS**<br><br>Recurridos<br><br>v.<br><br>**HOSPITAL SAN CARLOS INCORPORADO, SISTEMA DE SALUD SAN CARLOS, INC., Dr. CARLOS FELICIANO JIMÉNEZ y OTROS**<br><br>Peticionarios | TA2026CE00549 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Aguadilla**<br><br>Civil Núm.: **AG2025CV00794**<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece ante nos el Dr. Carlos Feliciano Jiménez (Dr. Feliciano Jiménez o parte peticionaria) mediante recurso de *certiorari* presentado el día 4 de mayo de 2026. En el que nos solicita revoquemos la *Orden* emitida y notificada el 27 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI).[1] Mediante el aludido dictamen, el TPI ordenó el pago de 3 horas de honorarios de perito, a base de la cuantía fijada por el foro primario, en un término de 10 días.

Por los fundamentos que expondremos a continuación, desestimamos el recurso ante nuestra consideración por falta de jurisdicción.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 156.

## I.

El caso de marras tuvo su génesis el 7 de mayo de 2025, cuando la Sucesión del señor Monserrate Rivera Molina (parte recurrida) presentó una *Demanda* en contra del Dr. Feliciano Jiménez, el Dr. Germán Rodríguez Ríos y el personal del Hospital San Carlos sobre impericia médica.[2] La parte recurrida alegó que la institución médica y su personal ofrecieron una atención médica inadecuada, toda vez que omitieron removerle una gasa del abdomen al señor Monserrate Rivera Molina (Sr. Rivera Molina). Como resultado, la parte recurrida informó que el Sr. Rivera Molina presentó síntomas persistentes de dolor abdominal, debilidad y malestar general. Posteriormente, el Sr. Rivera Molina falleció mientras seguía hospitalizado en la institución médica. Por todo lo cual, solicitaron la cantidad de $250,000.00, por cada miembro de la sucesión, a raíz de los daños y perjuicios causados.

Luego de varios trámites procesales, el 26 de marzo de 2026, el Dr. Feliciano Jiménez instó una *Moción Solicitando Prórroga; en Solicitud de Orden en Torno a Suspensión de Deposición.*[3] Mediante el referido documento, solicitó la suspensión de la deposición a llevarse a cabo el sábado, 28 de marzo de 2026, debido a que su representante legal arrojó positivo a micoplasma. Acompañó su moción con el resultado de la prueba realizada el 14 de marzo de 2026. Por tal razón, el Dr. Feliciano Jiménez solicitó al foro de instancia el relevo de cualquier pago de honorarios de perito por la suspensión de la deposición.

El mismo día, la parte recurrida presentó su *Moción en torno a "Solicitud de Orden en Torno a Suspensión de Deposición" Registrada en Sumac Núm. 153*.[4] Informó que, el 23 de marzo de

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 153.
[4] *Íd.*, Entrada Núm. 154.

2026, cursó una misiva a la parte peticionaria, para confirmar la fecha seleccionada para la deposición del perito. Además, se apercibió que, la cancelación por cualquiera de las partes resultará por su propia cuenta, incluyendo el pago de los honorarios del perito correspondiente a las horas garantizadas. Indicó que, ese mismo día, la parte peticionaria confirmó su asistencia. Acto seguido, la parte recurrida emitió el pago sobre las horas garantizadas para la deposición. Así las cosas, argumentó que no procedía relevar a la parte peticionaria del pago de honorarios fundamentado en unos resultados emitidos el 16 de marzo de 2026.

El 27 de marzo de 2026, el TPI emitió una *Orden* en la cual dispuso que, la representante legal de la parte peticionaria debía pagar las tres horas garantizadas al perito, toda vez que el Dr. Silverman separó la fecha para la toma de la deposición.[5]

Posteriormente, el 31 de marzo de 2026, la parte peticionaria incoó una *Moción Solicitando Reconsideración*, en la cual arguyó que la representación legal, aun recibiendo tratamiento, prolongó sus problemas de respiración por su condición de asma.[6] Sostuvo que esto impidió que pudiera asistir a la deposición para realizar las preguntas al perito. Indicó que ese mismo día fue reevaluada y su diagnóstico presentó una condición de asma exacerbada. Por lo cual, ha tenido que disminuir su participación en actividades profesionales que agraven su condición.

Así las cosas, el 1 de abril de 2026, el TPI emitió una *Resolución* en la cual reconoció la responsabilidad y seriedad profesional de la representación legal de la parte peticionaria. Además, aclaró que el pago de honorarios se debe a que el perito separó la fecha en su calendario para comparecer a la deposición

---

[5] *Íd.*, Entrada Núm. 156.
[6] *Íd.*, Entrada Núm. 163.

que luego fue suspendida. A tenor, declaró No Ha Lugar a la solicitud de reconsideración.

Inconforme, el 4 de mayo de 2026, la parte peticionaria acudió ante este foro y señaló que erró el foro primario al imponer a la representante legal el pago de los honorarios de perito al haberse cancelado la deposición por estar enfrentando una enfermedad respiratoria que impedía de forma cabal y responsable asistir a la misma.[7] Como anejo, su petición incluye la Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC (OAT 1728), en la que detalló intentó presentar el recurso electrónicamente el 1 y 2 de mayo de 2026, sin éxito. Cabe destacar que el pago de arancel correspondiente refleja la fecha del 4 de mayo de 2026.

A su recurso lo acompañó una *Moción en Auxilio de Jurisdicción,* en la que relató que, el 1 de mayo de 2026 a las 4:00 p.m., se disponía a presentar el escrito de *certiorari.*[8] Sin embargo, detalló que, la plataforma de SUMAC no le permitió presentar el documento. La parte peticionaria adujo que intentó comunicarse para recibir asistencia y no tuvo éxito. Así las cosas, informó que sus oficinas están ubicadas en Ponce, por lo cual, no tenían tiempo para llegar al Tribunal de Apelaciones.

En respuesta, el 21 de mayo de 2026, la parte recurrida presentó una *Moción de Desestimación por Falta de Jurisdicción y Oposición a Expedición de Certiorari.*[9]

Con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

---

[7] SUMAC TA, Entrada Núm. 1.
[8] *Íd.*, Entrada Núm. 2.
[9] *Íd.*, Entrada Núm. 7.

**II.**

Nuestro sistema jurídico define la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco et al.*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que poseen los tribunales para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, consecuentemente, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R & B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

De igual modo, los tribunales no pueden atender recursos tardíos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008); *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). En el ámbito procesal, un recurso es tardío cuando se presenta fuera del término provisto para recurrir. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022). La desestimación del mismo priva fatalmente a la parte que lo presenta de radicarlo nuevamente ante cualquier otro foro. *Pueblo v. Ríos Nieves, supra*, pág. 274. Igualmente, nuestro máximo foro ha reiterado que un recurso tardío "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. Lo anterior, pues al momento de la presentación, no existe la autoridad judicial para acogerlo. De hecho, la ausencia de jurisdicción conlleva varias consecuencias; a saber, "que no sea susceptible de ser

subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso[;] y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Por lo tanto, "[u]na vez un tribunal determina que no tiene jurisdicción para atender el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme a lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". *SLG Szendry Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Las disposiciones reglamentarias sobre el perfeccionamiento de recursos apelativos deben cumplirse rigurosamente, su cumplimiento no debe quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013). Por tal razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ____ (2025), permite que el Tribunal de Apelaciones desestime *motu proprio* un recurso de *certiorari* por falta de jurisdicción.

Con respecto al procedimiento de formalizar un recurso de *certiorari* ante esta Curia, la Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b), y la Regla 32(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* establecen un término jurisdiccional de treinta (30) días contados a partir del archivo en autos de la copia de la notificación de la resolución u orden recurrida.

El Reglamento del Tribunal de Apelaciones permite que los escritos sean presentados electrónicamente dentro de un

determinado periodo, cuyo plazo vencerá a las 11:59 p.m. del día correspondiente. Regla 72 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra.* En lo pertinente, agrega que:

> Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables. *Íd.*

Ahora bien, como parte de las enmiendas incluidas en nuestro Reglamento, se implementó el Sistema Unificado de Manejo y Administración de Casos (SUMAC), el cual impone la presentación de los recursos mediante la referida plataforma. *Íd.* Ello tiene el efecto equivalente a la presentación del recurso ante la Secretaria del Tribunal de Apelaciones. *Íd.* A manera de excepción, se permite la presentación física del recurso cuando: (1) trate de una persona litigante que se represente por derecho propio; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma no puedan presentarse electrónicamente. *Íd.* Finalmente, la referida Regla 2.1 advierte que los documentos presentados a través de la plataforma deberán cumplir con las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas (Directrices Administrativas)[10]. *Íd.*

A esos efectos, las Directrices Administrativas reiteran que, ante problemas para cargar los documentos en la plataforma, el

---

[10] Aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas por la OAJP-2017-14 de 2 de marzo de 2017, OAJP-2021-088 de 13 de diciembre de 2021, Circular Núm. 21 de 13 de diciembre de 2021, OAJP-2025-131 de 24 de abril de 2025 y la Circular Núm. 26 de 24 de abril de 2025.

recurso deberá ser presentado en el buzón de presentaciones del centro judicial correspondiente. En circunstancias particulares, se permite la presentación de los documentos a través de los correos electrónicos listados en las Directrices Administrativas. Además, se deberá enviar una moción acreditando los esfuerzos realizados para acceder al sistema. En la alternativa, podrá presentar el recurso acompañado del Formulario D OAT 1728 Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC.

Cabe destacar que, los inconvenientes relacionados al equipo o los sistemas de usuario no relevan a una parte del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier otra naturaleza establecidos en las normas procesales aplicables. *Mojica Rodríguez v. ESSROC, San Juan Italcementi Group*, 2026 TSPR 47, 217 DPR __ (2026). Por lo cual, "la fecha del reloj ponchador de la Secretaría o del buzón de presentaciones o la fecha del envío del correo electrónico, será la fecha de presentación en el Tribunal y no la fecha en que se cargue (upload) electrónicamente el documento al SUMAC". Véase las Directrices Administrativas.

Además, nuestro Reglamento dispone que, la presentación de un recurso de *certiorari* se formalizará con la presentación del escrito en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente. Regla 33 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra.* Sobre ese particular, establece que:

> La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación del recurso de certiorari. Por lo tanto, la fecha de presentación del recurso no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes. *Íd.*

En *Greene et als. v. Biase et als.,* 2025 TSPR 83, 216 DPR __ (2025) el Alto Foro dictaminó que, es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos.

**III.**

Como asunto de umbral, previo a ejercer nuestra función revisora que se nos delegó, debemos auscultar nuestra jurisdicción. Luego de evaluar el expediente del caso de marras, adelantamos que carecemos de la misma.

En el presente caso, la *Orden* recurrida se emitió y se notificó el 27 de marzo de 2026. Por su parte, el Dr. Feliciano Jiménez presentó oportunamente una *Moción Solicitando Reconsideración.* Acto seguido, el 1 de abril de 2026, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar la solicitud presentada por la parte peticionaria. Inconforme, el 4 de mayo de 2026, la parte peticionaria presentó el recurso de *certiorari* ante nuestra consideración. A su escrito lo acompañó la Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC (OAT 1728). Cabe destacar que la plataforma acreditó el pago del arancel correspondiente el 4 de mayo de 2026.

Consecuentemente, la parte peticionaria instó una *Moción en Auxilio de Jurisdicción,* en la que relató que, el 1 de mayo de 2026 a las 4:00 p.m., se disponía a presentar el escrito de *certiorari,* empero enfrentó problemas con la plataforma de SUMAC. La parte peticionaria reconoció que el 1 de mayo de 2026, era el último día del término para la presentación del recurso. Agregó que intentó comunicarse con las oficinas de nuestro Tribunal y no tuvo éxito. Así las cosas, informó que sus oficinas están ubicadas en Ponce, por lo cual, no tenían tiempo para llegar al Tribunal de Apelaciones.

Primeramente, debemos reconocer que la parte peticionaria cumplió parcialmente con las instrucciones a seguir cuando se enfrenta un problema para cargar los documentos electrónicamente. Ello en vista de que acompañó su escrito junto con el formulario mencionado en las Directrices Administrativas. Ahora bien, la parte peticionaria argumenta que se disponía a presentar el escrito de *certiorari* a las 4:00 p.m., por lo cual, no se encontraba a tiempo para presentar el recurso ante la Secretaría de este Tribunal, toda vez que sus oficinas ubican en Ponce. Adelantamos que no tiene méritos este planteamiento.

De nuestro Reglamento se desprende que, cuando no pueda ser presentado un escrito electrónicamente, deberá presentarse a la Secretaría del Tribunal de Apelaciones en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde. Regla 72, *In re Aprob. Enmdas. Reglamento TA, supra*. En la alternativa, las partes tienen la oportunidad de depositar sus recursos en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables. *Íd.*

De igual forma, cuando los problemas técnicos asociados a la plataforma electrónica no permitan la radicación electrónica, el Inciso XIX de las Directrices Administrativas instruye a que el escrito se presente **personalmente en la Secretaría del Tribunal con competencia sobre el caso** antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a **5:00 p.m**.

Por otro lado, conforme surge de nuestro reglamento, la fecha del pago del arancel constituye la fecha de presentación del recurso. Regla 33, *In re Aprob. Enmdas. Reglamento TA, supra*. A esos efectos, cuando la fecha del pago del arancel y la fecha de presentación son distintas, se considerará presentado el recurso en la fecha del pago de los derechos arancelarios.

Como puede apreciarse, la parte peticionaria no presentó el recurso de *certiorari* oportunamente ante nuestra Secretaría, en vista de que sus oficinas están localizadas en Ponce. No obstante, este tampoco presentó el recurso en el buzón de depósitos que se encuentra disponible en este Tribunal en el horario de 5:00 p.m. hasta las 11:59 p.m., ni lo presentó personalmente en la Secretaría del Tribunal con competencia sobre el caso.  Por lo cual colegimos que el recurso se presentó de manera tardía.

**IV.**

Por las razones anteriormente discutidas, desestimamos el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones